# County of Cumberland *versus* Trickett et. al.

1. Where, in a contested election for senator, the law judge of the judicial district in which the contest arose is disqualified from sitting in the case, it should be certified to the law judge residing nearest the courthouse of the county in which the trial is required by law to be had.

2. The seventeenth section of the Act of May 19th, 1874, relating to contested elections of senators, provides that in case "there shall be no law judge of the *district* in which any contest shall arise" qualified to act, "the judge learned in the law residing nearest the court-house of the county, in which by the provisions of this Act the trial in any such case is required to be had, shall preside on the trial," etc.:
   *Held,* that the "district" referred to in said Act is the judicial district and not the senatorial district.

3. A senatorial district was composed of two counties, each of which formed a separate judicial district. A petition was filed in the Common Pleas of one of said counties contesting an election for senator. The judge of said county being disqualified from acting, called upon the President Judge residing nearest the court-house of said county (whose judicial district was not within the said senatorial district), to sit in the case. His jurisdiction was excepted to on the ground that the President Judge of the other county within the senatorial district, was alone qualified to act, under the provisions of the Act of May 19th, 1874:
   *Held,* that the objection was not well taken, and that the President Judge, to whom the case was certified, had jurisdiction under said Act.

4. A judge having jurisdiction of a contested election case, in which, by agreement of the parties, no testimony was taken, and the respondent admitted that the contest was not without probable cause, decided, in accordance with said admission, that the contest was not without probable cause, and entered a decree apportioning the costs of the contest between the counties forming the senatorial district in which the contest arose; and a mandamus execution was issued to enforce payment of said apportioned costs:
   *Held,* that there was no error in said decree or execution.

June 4th, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

WRIT of error and certiorari to the Common Pleas of *Cumberland county :* Of May Term, 1884, Nos. 41, 42.

[Cumberland v. Trickett.]

A petition of qualified electors of the counties of Cumberland and Adams, comprising the thirty-second senatorial district, contesting the election of Samuel C. Wagner, who had been returned as having been elected as senator for said district, was filed in the Common Pleas of Cumberland county. An answer was filed by Mr. Wagner.

Upon a suggestion filed by petitioner's counsel, that Hon. MARTIN C. HERMAN, President Judge of the ninth judicial district, composed of Cumberland county, was related to a party in interest, HERMAN, P. J., declined to act, and filed a paper certifying the case to Hon. CHAS. A. BARNETT, President Judge of the forty-first judicial district, "he being the Judge learned in the law residing nearest to the court-house of the said county of Cumberland, who is qualified to act." Subsequently, BARNETT, P. J., holding a special Court in Cumberland county, filed an order appointing William Trickett and C. P. Humrich, Esqs., examiners to take testimony. At a meeting of the examiners, counsel for both parties stated that, it having been discovered that a large number of illegal votes had been cast for both the candidates, they were satisfied, after exhaustive inquiry, that the result, as declared by the return judges, would not be changed, and for this reason no testimony was submitted by either party. Counsel for Mr. Wagner admitted that there was probable cause for the contest. The examiners reported said agreement and admission to the court, whereupon the court, BARNETT, P. J., entered a decree that Samuel C. Wagner had been duly elected. The decree further proceeded as follows:

"It is further made the duty of the court by the Act of May 8th, 1876 (P. L. 148), to dispose of the question of costs. It is admitted by the counsel of Mr. Wagner that there was probable cause for the beginning of this contest; they have arrived at that conclusion after a careful examination of the evidence exhibited to them by the contestants: and they make the admission for saving the costs of an examination in the usual mode by the commissioners appointed by the court. Under these circumstances it would be extraordinary for a court to decide ' that the complaint was not or is not without probable cause.' We do not so decide. We must therefore apportion the costs. It appears from the ' Compendium of the Tenth Census of the United States, 1880, part ii. p. 1151,' that the total assessed valuation of real and personal property in Adams county is $11,760,445; and the like valuation for Cumberland county is $14,277,465. These amounts are very nearly in the ratio of 45 to 55; and we think such valuation affords an equitable basis for apportionment.

[Cumberland *v.* Trickett.]

"So far, therefore, as the costs may not have been provided for in the general appropriation enacted for the present legislature, if therein at all provided for (and not having seen a copy of said Act of Assembly we are unable to determine) and are not affected by any agreement or proposition to file no bill of costs, it is adjudged, ordered, and decreed, that forty-five per centum of all costs legally and properly taxed, or to be taxed, in the case, be paid by the county of Adams by its properly constituted authorities, and that fifty-five per centum be paid in like manner by the county of Cumberland."

Subsequently, the examiners presented a supplemental report, which the court directed to be filed, showing in detail the costs which had been incurred, and apportioning the same between the counties of Cumberland and Adams, in the ratio of fifty-five per cent. to forty-five per cent. as decreed by the court. Thereupon the court granted a rule upon the commissioners of Cumberland county, and the commissioners of Adams county to show cause why a decree should not be entered for the payment of said costs as apportioned.

An answer was filed by the commissioners of the two counties, averring that they were not parties to the original proceeding, and had no notice of the final decree in favor of the respondent, whereby the contest was finally ended. They further denied the jurisdiction of the special court, and averred that the entire record showed no such state of facts under the Acts of 1874 and 1876, relating to election contests, as to fix the senatorial district for costs, and that there was no liability on the part of the counties composing said district to pay them.

The court, after hearing, made the said rule absolute, and amended the former decree so as to decide affirmatively that the original contest was "not without probable cause." Thereupon, writs of mandamus execution were issued against the commissioners of Cumberland and Adams counties commanding them respectively to pay the said costs as apportioned.

The county of Cumberland took this writ of error and certiorari, assigning for error, inter alia, the action of the court, BARNETT, P. J., in assuming jurisdiction of the cause under the provisions of section 17, of the Act of May 19th, 1874; in decreeing, without any testimony before the said court, that the original contest was not without probable cause; in making absolute the said rule for the payment of apportioned costs by the county of Cumberland; and in issuing the mandamus execution.

*Duncan M. Graham* (with him *Geo. J. Benner* and *S. Hep-*

[Cumberland v. Trickett.]

*burn*), for the plaintiff in error.—Adams county and Cumberland county together form the senatorial district in which this contest arose, but each of those counties is a separate judicial district, having its President Judge learned in the law. The President Judge of Cumberland county being disqualified to act, certified the case to a Judge foreign to the senatorial district, notwithstanding the President Judge of Adams county, within the senatorial district, was competent to act. Under the provisions of the Act of May 19th, 1874, § 17, this was error. The word " district " in that Act, refers to senatorial district and not to judicial district. There was therefore a law Judge within the " district " competent to act.

Costs in election cases are purely statutory, and can only be imposed on counties under the Act of May 8th, 1876, which provides for apportionment of costs upon counties, only where " the Judge trying the case " shall decide that the complaint was not without probable cause. Probable cause is a mixed question of law and fact. In this case, there was no trial, for there was no evidence, and the Judge could not decide the question of probable cause on a mere admission of parties, with no evidence on the record. Hence, there can be no liability on the county for costs incurred wholly by the parties: Berks Co. *v.* Pile, 6 Harris 496; Commonwealth *v.* Horner, 10 Casey 445; Commonwealth *v.* Huntingdon Co., 3 Rawle 488; York County *v.* Crafton, 4 Out. 619.

The Act of 1876 further provides that payment of costs lawfully imposed on counties shall be enforced " as the payment of debts by the same can now be enforced." Debts against the county must be sued for, and process be served upon the commissioners. An order apportioning costs among counties in a proceeding to which they are not parties is not a *judgment*, which will support an execution. The mandamus execution was, therefore, improvidently issued.

*W. F. Sadler*, *S. Hepburn*, *Jr.*, and *Lemuel Todd*, for the defendants in error.

Mr. Justice STERRETT delivered the opinion of the court, October 6, 1884.

In this contention between the county of Cumberland and the parties to whom costs in the contested election proceedings were decreed, the only legitimate subject of inquiry, on the writ of error, is that presented in the first specification, viz.: whether under the Act of May 19th, 1874, P. L. 208, the court, as constituted for the trial and determination of the contested election for Senator in the 32d Senatorial District, had jurisdiction of the case. If the proceedings were

*coram non judice* and therefore void, it follows of course that there was nothing on which to base the mandamus execution of which plaintiff in error complains. On the other hand. if the court, presided over by the president judge of the 41st Judicial District, had jurisdiction of the case, its orders and decrees, declaring that the contestee " received the greatest number of legal votes for Senator in the district and is entitled to the certificate ; that the complaint was not without probable cause," and directing that the costs of the proceeding be paid by the counties composing the Senatorial district, etc., were clearly within the powers conferred by the Act and its supplement of May 8th, 1876 ; and. as between the parties to these writs of error and certiorari, these orders and decrees are conclusive and cannot be inquired into.

The Act of 1874, § 11, provides that " contested elections of Senators and members of the house of representatives shall be tried and determined by the Court of Common Pleas of the county where the person returned as such shall reside." Section 17 of the same Act declares that, " In any case where, by reason of incompetency or disability to act, there shall be no law judge of the district in which any contest shall arise, present and able as well as qualified to act, the judge learned in the law, residing nearest the court house of the county in which, by the provisions of this Act, the trial in any such case is required to be had . . . . . shall preside on the trial, and shall have and exercise all the powers and authority and discharge all the duties granted to or imposed upon the regular judges of said courts in cases wherein they are qualified and required to act by the provisions of this law." The president and only judge of the proper judicial district, composed of the county of Cumberland, being disqualified by reason of relationship to one of the contestants, requested Judge BARNETT, the nearest judge learned in the law, to preside at the trial of the contested election above referred to. The question is whether, under the provisions of the Act above quoted, he was authorized to preside. It is contended by plaintiff in error that the phrase, " district in which any contest shall arise," in the 17th section, means senatorial and not judicial district, and inasmuch as the president judge of Adams, one of the counties composing the 32d Senatorial district, was not disqualified, he and not Judge BARNETT was the only judge who, under the circumstances, was authorized to preside at the trial. We cannot assent to this construction of the Act. On the contrary, we are clearly of opinion that the clause in question refers to the judicial and not to the Senatorial district: and when, as in the present case, the judicial district is composed of a single county the

meaning of the phrase is the same as that employed in the 11th section, viz.: "the county where the person returned shall reside." We entertain no doubt that the judge who presided at the trial was fully authorized to act. The assignments of error, involving the question of jurisdiction and other questions dependent thereon, are not sustained.

The validity of the decree, as to payment of costs, being thus settled in favor of defendants in error, is there anything in the proceeding to enforce payment that demands correction? If there is, we have failed to discover it. The court, as we have seen, had jurisdiction of the subject. Want of probable cause for the complaint on which the original proceeding was based was not found by the court, and the learned judge proceeded as required by the supplement of 1876, to apportion the costs and order the payment thereof. The supplement provides that if "the court or judge shall not decide that the complaint is without probable cause, the proper district," &c., "shall be liable to pay all costs, and the same shall be promptly paid by the proper authorities, and upon the order of the court or judge trying the case." The learned judge distinctly stated that under the circumstances he could not decide that the complaint was not without probable cause, and he did not so decide. The decree conformed substantially to the requirements of the Act, and surely the court was not powerless to enforce it. It may be that the burden has fallen on those who should not be required to bear it, but the actors in the original proceedings are not before us, and there appears to be nothing in the proceeding that would justify us in reversing or setting them aside.

The order of the Common Pleas is therefore affirmed and record remitted.